## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROGELIO RODRIGUEZ-CABRERA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-637-GPM** |
| | ) | |
| **HARLEY G. LAPPIN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Rogelio Rodriguez-Cabrera, an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Rodriguez-Cabrera states that in November 2008, he was placed in administrative detention pending investigation on charges of fighting.  Several weeks later the disciplinary report was expunged due to an unspecified administrative error.  Defendant Ormandy told Rodriguez-Cabrera that, due to incidents occurring in general population at that time, Rodriguez-Cabrera would be housed in that detention area for the next 18 months.  Rodriguez-Cabrera now alleges that this continued confinement in administrative detention was done without proper due process, in violation of his constitutional rights.

When a plaintiff brings a civil rights action for procedural due process violations, he must show that the government deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship … in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*.  In the Seventh Circuit, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small."  *Id.*  Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty."  *Id.*

Moreover, continued confinement in administrative detention does not implicate a

constitutionally protected liberty interest. *Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir. 1995). Although Rodriguez-Cabrera may be subjected to more burdensome conditions, those conditions are "within the normal limits or range of custody which the conviction has authorized the [government] to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (transfer of inmates to prison with more burdensome conditions of confinement not a violation of due process); *see Sandin*, 515 U.S. at 483. It does not constitute a "grievous loss" of liberty, *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972), an atypical and significant hardship on the prisoners generally in relation to the ordinary incidents of prison life, nor a dramatic departure from the basic conditions or duration of the prisoner's sentence. *Sandin*, 515 U.S. at 484; *see also Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) ("inmates have no liberty interest in avoiding transfer to discretionary segregation").

Rodriguez-Cabrera was held in administrative detention close to 18 months. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in administrative detention at Marion were substantially more restrictive than administrative segregation in the most secure prison within the Bureau of Prisons. Therefore, his due process claim is without merit.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Rodriguez-Cabrera is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  03/16/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge